**Harry BLATT, Plaintiff,**

v.

**CASA BLANCA CIGAR CO., Inc., Defendant.**

**Civ. A. No. 68-487.**

United States District Court, M. D. Pennsylvania.

Dec. 7, 1970.

As Amended Dec. 8, 1970.

Lewis H. Markowitz, Markowitz, Kagen & Griffith, York, Pa., for plaintiff.

Robert J. Stewart, Liverant, Senft & Cohen, York, Pa., for defendant, Casa Blanca Cigar Co., Inc.

## OPINION

MUIR, District Judge.

In this action, Plaintiff seeks to recover damages for an alleged breach of an exclusive sales contract granted him by Defendants. The contract provided that for a period of three years, Defendants were to pay Plaintiff commissions based on his sale of cigars of the William Allen and William Allen Jet brand within a certain geographic area.

Before the Court is a motion made by Plaintiff pursuant to Rule 34, Fed.R. Civ.P., requesting that an order issue directing Defendants to produce for inspection the following documents:

"Defendants' sales records for the three years of the contract regarding the sale of all cigars of the Defendants made within the geographic area of Plaintiff's agreement."

It is urged by Plaintiff that the documents are needed in order to ascertain the amount of damages incurred as a result of the alleged breach. Rule 26(b)(1), Fed.R.Civ.P., which sets the standard for all the discovery rules provides that " * * * any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * " is discoverable.

In the instant case, the documents sought by Plaintiff have no bearing on the issues raised in the complaint and hence are not discoverable. Both the contract (which is attached to the complaint) and the complaint itself make clear that Plaintiff was engaged to sell on a commission basis certain *brands* of cigars. Nothing in either document indicates that the specified brands were to be representative of types of cigars. Therefore, Defendant's sales records with respect to cigars other than the brands designated in the contract are not relevant.

An appropriate order will be entered.

## ORDER

In accordance with the Opinion this day filed,

It is ordered and decreed that the motion of the plaintiff for an order requiring Defendants to produce for inspection and copying its books of accounts, ledgers, check stubs, orders, invoices, balance sheets and profit and loss statements for the period of November 1, 1967, through and including October 31, 1970 containing information regarding all sales of cigars by the Defendants within the five boroughs of New York City, Nassau and Suffolk Counties of Long Island, Rockland and West Chester Counties and the State of New Jersey be and the same is hereby denied.